UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA SNIDER,

              Plaintiff,

v.

CORIZON MEDICAL, *et al.*,

              Defendants.

_____/

Case No. 1:20-cv-648

Hon. Paul L. Maloney

**ORDER**

*Pro se* plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983.  This matter is now before the Court on plaintiff's motion for reconsideration with respect to mediation (ECF No. 31) and plaintiff's motion to appoint counsel (ECF No. 32).  As an initial matter, plaintiff is advised that all motions must be signed, *see* Fed. R. Civ. P. 11, and accompanied by a supporting brief which "shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies," W.D. Mich. LCivR 7.1(a). Plaintiff did not sign his motion for appointment of counsel.  However, because this motion was sent in the same envelope as his motion for reconsideration, which plaintiff did sign, the Court will apply his signature to both documents in this instance.  In addition, while the Court could deny both motions for failure to file a supporting brief, it will address the merits of those motions.  Plaintiff is advised that the Court may deny any future motions which either lack a signature or a supporting brief.

1

**Plaintiff's motion for reconsideration (ECF No. 31)**

On September 15, 2020, plaintiff's lawsuit was stayed and referred to the Court's *pro se* prisoner civil rights litigation early mediation program (ECF No. 12).  On October 6, 2020, Defendants Corizon Medical, Huyge, and Schmidt requested to be excluded from the mediation program (ECF No. 16).  On October 8, 2020, the Court granted their request and removed the case from mediation (ECF No. 17).  On October 13, 2020, the Court ordered service of the lawsuit on the defendants who were not dismissed on initial screening (ECF No. 18).  While defendants Corizon Medical, Huyge, and Schnmidt have moved for summary judgment for lack of exhaustion (ECF No. 34), several defendants have been served but not yet appeared in this action, and one defendant has not been served.

In his present motion, plaintiff asks the Court to reconsider its order removing the case from mediation.  To prevail on a motion for reconsideration, the movant must "not only demonstrate a palpable defect by which the Court and the parties have been misled, but [must] also show that a different disposition of the case must result from a correction thereof." *See* W.D. Mich. LCivR 7.4(a).  A defect is palpable if it is easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct or manifest. *See Compuware Corp. v. Serena Software International, Inc.*, 77 F.  Supp.2d 816, 819 (E.D. Mich. 1999).

Here, plaintiff has failed to demonstrate a palpable defect in the Court's order removing his lawsuit from mediation.  The early mediation program is voluntary and defendants Corizon Medical, Huyge, and Schmidt asked to be excluded from the program.  *See* Order (ECF No. 12, PageID.198) ("8. If any party seeks to have this case excluded from the prisoner early mediation program (if a party does not want to participate), that party must file a statement to

2

exclude the case from mediation on or before October 6, 2020. Thereafter, the court will issue an order removing the case from mediation.").  Accordingly, plaintiff's motion for reconsideration (ECF No. 31) is **DENIED**.

### Plaintiff's motion to appoint counsel (ECF No. 32)

"Appointment of counsel in a civil case is not a constitutional right."  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Nor is it a statutory right. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996).  Rather, appointment of counsel in a civil case "is a privilege that is justified only by exceptional circumstances" which is within the trial court's discretion.  *See Glover*, 75 F.3d at 268; *Lavado*, 992 F.2d at 606.  In determining whether exceptional circumstances exist, the court should consider the type of case, the plaintiff's ability to represent himself, and the complexity of the factual and legal issues involved.  *Lavado*, 992 F.2d at 606.  Plaintiff has not presented extraordinary circumstances that warrant the appointment of an attorney in this matter. Accordingly, plaintiff's motion to appoint an attorney (ECF No.32) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 11, 2021                               /s/ Ray Kent
                                                                       United States Magistrate Judge